IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00186-BNB

GENE JOHNSON,

Plaintiff,

v.

MR. MCHENRY,
ROSALEE ROY, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 10 2008

GREGORY C. LANGHAM
                        CLERK

## ORDER OF DISMISSAL

Applicant, Gene Johnson, is a pretrial detainee who currently is confined at the Colorado Mental Health Institute in Pueblo, Colorado. He initiated the instant action by filing *pro se* a complaint pursuant to 42 U.S.C. § 1983 (2006) and 28 U.S.C. § 1343 (a)(3) (1993). He also asserts habeas corpus jurisdiction pursuant to 28 U.S.C. § 2241 (1994). Mr. Johnson may not assert habeas corpus claims in a civil rights action. He has been granted leave to proceed pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915 (2006), without payment of an initial partial filing fee. As relief he asks for "help on case." Prisoner Complaint at 8.

The Court must construe the complaint liberally because Mr. Johnson is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. Under 42 U.S.C. § 1983, a plaintiff must allege that the defendants have violated his rights under the Constitution and laws

of the United States while they acted under color of state law. ***Adickes v. S. H. Kress & Co.***, 398 U.S. 144, 150 (1970). For the reasons stated below, the complaint will be dismissed.

Mr. Johnson is suing two public defenders and the state attorney general. He contends that the state public defenders are not providing him with the effective assistance of counsel in his state criminal proceedings. Mr. Johnson also challenged the proceedings in his pending state criminal case in ***Johnson v. Abel***, No. 08-cv-00132-ZLW (D. Colo. Feb. 15, 2008), which was dismissed without prejudice pursuant to ***Younger v. Harris***, 401 U.S. 37, 45 (1971). In No. 08-cv-00132-ZLW, Mr. Johnson alleged that state criminal charges as an accessory to homicide were pending against him.

Absent extraordinary or special circumstances, federal courts are prohibited from interfering with ongoing state criminal proceedings. ***See id.***; ***Phelps v. Hamilton***, 59 F.3d 1058, 1063-64 (10th Cir. 1995). To establish extraordinary or special circumstances, a plaintiff must be facing an irreparable injury that is both great and immediate. ***See Younger***, 401 U.S. at 46. The exceptions to ***Younger*** provide only for a "very narrow gate for federal intervention." ***Phelps***, 59 F.3d at 1064 (internal quotation marks omitted).

Mr. Johnson does not allege any facts that indicate he will suffer great and immediate irreparable injury if this Court fails to intervene in the ongoing, state-court, criminal proceedings. The fact that a criminal defendant may be forced to appear in state court on criminal charges, by itself, is not sufficient to establish great and immediate irreparable injury. ***See Younger***, 401 U.S. at 46; ***Dolack v. Allenbrand***,

2

548 F.2d 891, 894 (10th Cir. 1977). Therefore, the Court should abstain from exercising jurisdiction pursuant to *Younger*.

If Mr. Johnson ultimately is convicted in state court, and he believes that his federal constitutional rights were violated in obtaining that conviction, he may pursue his claims in this Court by filing an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (2006) after he exhausts state remedies. Accordingly, it is

ORDERED that the complaint and the action are dismissed without prejudice pursuant to *Younger v. Harris*, 401 U.S. 37 (1971).

DATED at Denver, Colorado, this 7 day of March, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-00186-BNB

Gene Johnson
Colorado Mental Health Institute at Pueblo
1600 West 24th Street
Pueblo, CO 81003

I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 3/10/08

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk